575 So.2d 1306 (1991)
Ira SANDS, Appellant,
v.
Daniel S. BLANDO, Sr., Daniel S. Blando, Jr., a/K/a Daniel S. Blando, II, Shirley Blando, Danny Adams, and D.S.B. Enterprises, Inc., Appellees.
No. 89-801.
District Court of Appeal of Florida, Third District.
January 29, 1991.
Rehearing Denied April 3, 1991.
Ira Sands, in pro. per.
Earl H. Galitz, Miami, for appellees.
Before JORGENSON, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Ira Sands, appeals a summary judgment in favor of appellees. We affirm.
Appellant sued appellees for fraud, conversion, misrepresentation, and forgery. Appellant claimed that a former employee, a business manager, had defrauded him by altering records. Appellant also claimed that although these acts were alleged to have occurred prior to April, 1983, he had not discovered the fraud until 1984. Appellant filed this suit in September, 1987. The trial court entered summary judgment against appellant based upon the statute of limitations.[1]
Section 95.11(3), Florida Statutes (1989), provides that the actions appellant sued for must be commenced within four years from the date of their accrual. Appellant failed to comply with the statute of limitations requirement. We find no basis under which the requirements of the statute could be tolled in this case.
We note that this is one of two appeals which appellant has brought before this *1307 court. In Sands v. Diliberto, 546 So.2d 455 (Fla. 3d DCA 1989), cause dismissed, 553 So.2d 1166 (Fla. 1990), appellant also appealed an adverse summary judgment on the basis of the statute of limitations. In that case, appellant also claimed fraud and discrepancies in records. Appellant alleged that a former joint venture partner had defrauded him by padding the payroll records in 1981, but that appellant had subsequently discovered the discrepancies. Appellant had not filed suit until 1987.
In Sands v. Diliberto, this court affirmed the summary judgment concluding that "on these facts ... appellant's claim should have been discovered, in the exercise of due diligence, in 1981." Sands v. Diliberto, 546 So.2d at 455.
Nothing in this case mandates a different result. In his pleadings and affidavits, Sands admits that: (1) appellee Blando had "disappeared mysteriously" after Sands returned to Miami in April, 1983; (2) Blando's disappearance only took place after Sands announced his intention to return to the office; (3) the night after Sands announcement, Blando stayed late, "an unusual thing"; (4) upon his return to the office, the next morning, Sands discovered "the files of papers ... in shambles and ... unfiled"; (5) after Blando's disappearance, "so did a few of his hand picked ... employees"; (6) after Blando disappeared, Sands attempted to locate him "at various telephones he had given, but to no avail"; and (7) bank statements for accounts with deposits of "many hundreds of thousands" of dollars were missing, never to be found.
We conclude that appellant should have discovered, in the exercise of due diligence, the basis for his claim in this case within the statute of limitations. See Sands v. Diliberto, 546 So.2d at 455.
Because appellant's present suit was also filed beyond the limitation period, we agree that summary judgment was correctly entered. Accordingly, we affirm.
Affirmed.
NOTES
[1] We do not address the sufficiency of the motion for summary judgment because that issue is not properly before us: (1) no objection as to its form was ever raised, either in the trial court or on appeal; and (2) the issue was not otherwise preserved for appellate review.