611 So.2d 1316 (1993)
James MONEYHUN, Appellant,
v.
VITAL INDUSTRIES, INC., a dissolved Florida corporation, Roupen Nalbandian, as Personal Representative of the Estate of Christopher Donoyan, and as Curator of the Assets of Christopher Donoyan, deceased; and an unnamed Trustee for Vital Industries, Inc., a dissolved Florida corporation, Appellees.
No. 91-3777.
District Court of Appeal of Florida, First District.
January 11, 1993.
*1318 Milton H. Baxley II, Gainesville, for appellant.
Michael Wolny and Eilon Krugman-Kadi of the law firm of Eilon Krugman-Kadi, Gainesville, for appellees.
ERVIN, Judge.
Appellant, James Moneyhun, appeals an order granting the motion for final summary judgment filed by appellees, Vital Industries, Inc. (Vital), et al. Appellant contends the trial court erred in concluding that (1) the statute of frauds bars enforcement of an alleged oral contract between the parties; (2) the dead man's statute bars proof of the alleged oral contract; (3) the statute of frauds bars appellant's action for quantum meruit and for damages based upon fraud or fraudulent misrepresentation; (4) the statute of limitations bars appellant's claims for breach of oral contract, quantum meruit, and fraud; and (5) that there are no genuine issues of material fact precluding the entry of summary judgment. We affirm in part, reverse in part, and remand for further proceedings.
Between 1980 and 1985, Moneyhun worked for Vital, which developed and sold, among other things, master-control automation systems called "SAM" and "SANDI" for television and radio stations. Moneyhun was a sales manager for the western United States and alleged in his complaint that because of his expertise in automated business systems, Vital asked him in late 1980 or early 1981 to engage in design and consulting work for Vital in order to improve the system's architecture and performance. Moneyhun testified that his sales profits began to decrease as he spent more of his time designing and consulting with engineers in Florida, and he began negotiating for more compensation in the summer of 1981 with Christopher Donoyan, the owner and sole stockholder of Vital.
Moneyhun claims that he met with Donoyan on October 28, 1981, in Los Angeles, where he orally agreed to provide consulting services to Vital in the design, development, sale, and installation of SAM and SANDI, and that Vital in turn agreed to pay him five percent of the selling price for each SAM and SANDI ordered from Vital between November 1, 1980 and October 28, 1986. Moneyhun testified that Donoyan offered him a $10,000 advance, and the record shows that Moneyhun received a check for $10,000, dated October 28, 1981, in October or November, and another $10,000 check, dated January 8, 1982, thereafter.
On May 22, 1984, appellant submitted a written agreement to Donoyan which allegedly incorporated the terms and conditions of the oral agreement, along with an accompanying letter which acknowledged that the agreement had not yet been signed. Neither Donoyan nor any agent of Vital ever signed the agreement, in spite of Moneyhun's repeated requests. The proposed agreement described the payment arrangement as follows:
3. Vital shall pay to Moneyhun five percent (5%) of the selling price of each SAM, SANDI or similar system ordered from Vital by October 28, 1986. Such payments shall be made within 30 days *1319 after receipt by Vital of ninety percent (90%) or more of the selling price of each SAM, SANDI or similar system, or within 60 days after acceptance by the customer of each SAM, SANDI or similar system, whichever is earlier.
Moneyhun testified at deposition that it was his understanding, pursuant to the oral agreement, he would be paid the percentages for sales when Vital was paid for the sales of the video electronics equipment and components.
Moneyhun testified that he began demonstrating SAM to customers in 1982, although he did not recall whether any of the products were delivered that year. He asserted that some features were available in 1982, while others were not until 1985, 1986, and 1987. In January 1983, appellant was appointed senior vice president at a salary of approximately $60,000. He said his appointment did not affect his design and consulting agreement.
In a letter written to Vital's employees, dated July 11, 1985, Moneyhun announced that the SAM system "has finally come to maturity, and is now being sold as Vital's premier product." Moneyhun stated that he was leaving the vice-presidency and going out west to serve as a sales representative for Vital. On or after June 24, 1985, Moneyhun had received and deposited a check from Vital Industries for $5,000, marked, "Final Check between Vital Industries and James Moneyhun." Moneyhun testified that Donoyan told him in June or July 1985 that he could not pay the compensation specified in the oral agreement; he did not have the money, and he had spent too much on the project. Donoyan fired appellant in August 1985 when he learned Moneyhun was working for a competitor.
Donoyan died on September 20, 1987. Moneyhun filed suit on April 11, 1990, alleging that he had fully performed his part of the contract and was owed $86,361.35, less the $20,000 Vital advanced to him. Moneyhun alleged breach of an oral contract in Count I, an action to recover the value of his services in quantum meruit in Count II, and an action for damages for fraud or fraudulent misrepresentation in Count III.
Subsequent to a hearing on appellees' motions to dismiss and for summary judgment, the trial court, on September 4, 1991, found there were no genuine issues of material fact, and granted appellees' motion for summary judgment on all three counts. In a subsequent order denying appellant's motion for rehearing, the trial court stated that the dead man's statute barred proof of facts essential to Moneyhun's complaint; that the statute of frauds barred enforcement of the alleged oral agreement; and that, with the exception of appellant's claim on quantum meruit, the statute of limitations barred appellant's claims as untimely.
We cannot agree with the trial judge's order insofar as it relates to the statute of frauds. The reason given by the trial court in concluding that the statute of frauds, Section 725.01, Florida Statutes (1981),[1] barred Moneyhun's cause of action for breach of oral contract was that the statute requires the "fully performing party [to] complete his performance or have intended to complete his performance, within one year," but plaintiff's performance continued for a six-year period. We observe, however, that the statute of frauds only applies to executory contracts, not to agreements that have been fully performed. Full performance takes the agreement beyond the operation of section 725.01. W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323, 1327 (Fla. 1st DCA), review denied, 388 So.2d 1114 (Fla. 1980); Goslin *1320 v. Racal Data Communications, Inc., 468 So.2d 390, 392 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla. 1985); AV-MED, Inc. v. French, 458 So.2d 67, 69 (Fla. 3d DCA 1984); Hiatt v. Vaughn, 430 So.2d 597, 598 (Fla. 4th DCA 1983); Dionne v. Columbus Mills, Inc., 311 So.2d 681, 683 (Fla. 2d DCA 1975); Miami Beach First Nat'l Bank v. Shalleck, 182 So.2d 649, 651 (Fla. 3d DCA 1966).
In their briefs, the parties debate whether Moneyhun had completely performed his part of the contract, which itself demonstrates the existence of a genuine issue of material fact. Moreover, even partial performance of an oral contract removes the contract from the statute of frauds. Elliott v. Timmons, 519 So.2d 671 (Fla. 1st DCA), review denied, 525 So.2d 878 (Fla. 1988). Appellees argue, however, that the doctrine of partial performance is not applicable to personal service contracts, and that Moneyhun's alleged agreement with Vital was a personal services contract. Johnson v. Edwards, 569 So.2d 928, 929 (Fla. 1st DCA 1990); Miller Constr. Co. v. First Indus. Technology Corp., 576 So.2d 748, 750-51 (Fla. 3d DCA 1991). This issue again is a question of fact. A personal service is a non-delegable performance involving a relationship of trust and confidence between the parties and generally applies to employment contracts "that create the intimate relation traditionally known as master and servant." Restatement (Second) of Contracts § 367 cmt. b (1981). Moneyhun testified at his deposition that he was not an employee under this arrangement but an independent contractor.
Because of the existence of these disputed issues of fact  whether Moneyhun fully performed, or, in the event of partial performance, whether this was a contract for personal services  the trial court erroneously concluded that Moneyhun's cause of action was barred by the statute of frauds.
The trial court also erred in holding that appellant was unable to prove his cause of action due to the prohibition contained in Section 90.602, Florida Statutes (1981), the dead man's statute, providing that conversations with a decedent are barred so long as the action is against "the personal representative, heir-at-law, assignee, legatee, devisee, or survivor of a deceased person." The statute is intended "to protect the estate of a decedent against false and fraudulent claims." Charles W. Ehrhardt, Florida Evidence § 602.1, at 312 (1992 ed.). In contrast, the action at bar is primarily one against the corporate entity, Vital, for breach of an oral agreement, rather than against the individual estate of Christopher Donoyan. Although Donoyan's estate's personal representative is a named defendant, the complaint alleges that the personal representative is named only in the event that there is no trustee for the assets of Vital Industries, and only because the estate of Christopher Donoyan apparently holds Vital's assets. We find no legal basis to extend the prohibition of the dead man's statute to actions against corporations. See Tharp v. Kitchell, 151 Fla. 226, 233-34, 9 So.2d 457, 460 (1942); Shell's City, Inc. v. Westerman, 257 So.2d 276, 279 n. 3 (Fla. 3d DCA 1971), quashed on other grounds, 265 So.2d 43 (Fla. 1972); Olshen v. Robinson, 248 So.2d 534, 535 (Fla. 3d DCA 1971); 97 C.J.S. Witnesses § 212(b) (1957).
Even if the dead man's statute did apply to this case, the appellees waived its protection by relying on certain evidence offered in their memorandum of law in support of their motion for summary judgment. In that memorandum, appellees repeatedly referred to Moneyhun's deposition and to the proposed agreement he sent to Donoyan, in order to prove that the action was barred by the statute of frauds and the statute of limitations. Herring v. Eiland, 81 So.2d 645 (Fla. 1955). Appellees referred to the details and terms of the alleged agreement and went far beyond merely showing that it was oral.
The trial court also held that appellant's causes of action for breach of contract and *1321 fraud are barred by the statute of limitations.[2] We conclude that the contract action is not barred, but the quantum meruit and fraud actions are.
The contract action is controlled by Section 95.11(3)(k), Florida Statutes (1981), which prescribes a four-year period for any "legal or equitable action on a contract, obligation, or liability not founded on a written instrument."[3] As to whether the four-year period had expired by April 11, 1990, when Moneyhun filed his complaint, appellees rely upon a document purporting to be a statement of the sales of SAM and SANDI systems for which Moneyhun is seeking recovery under the alleged agreement. The terms of the alleged contract required Vital to pay Moneyhun within 30 days after Vital received 90 percent or more of the selling price of each SAM or SANDI, or within 60 days after a customer accepted each SAM or SANDI, whichever is earlier. The statement indicates that the sales in question occurred between April 14, 1981 and June 5, 1985, the latter date being more than four years before April 11, 1990. The document relied on by appellees, however, contains a material factual ambiguity: The dates on the list are under the category "DATE OF SALE," and there is no explanation contained therein of what this category means: whether it refers to the date a customer ordered a system, the date a customer accepted a system, the date a customer began making payments, the date a customer concluded payments, etc. Moneyhun testified that this category referred to the date of a customer's order, and that customers paid a down payment upon ordering, a substantial sum upon delivery, and the final sum after proof of performance. Without a factual determination as to the meaning of the date of sale on this document, it is impossible for us to determine how such dates relate to the 30-day/60-day provision of the alleged oral agreement.
Appellees also claim that the "final check," dated June 24, 1985, proves that Vital repudiated the alleged oral agreement as of that date. The meaning of "final check," however, is not revealed in the record; thus, this issue is one which also cannot be resolved by summary judgment.
Appellees finally contend that the breach of oral contract claim is barred by the statute of limitations in that appellant testified he knew Vital would not pay him when he left the company in August 1985. In his deposition, Moneyhun was asked whether he knew that Donoyan did not intend to live up to the agreement, and Moneyhun replied, "Well, to be true [sic] there was no time when I became aware they had no intention of paying me. What I said earlier was his remark [in June or July 1985] that he didn't have the money and he had spent too much money on the project. He didn't say that he wasn't going to pay me." Thus, a factual issue remained regarding whether the alleged breach occurred in July 1985.[4]
Concerning the issue of the application of the statute of limitations to the *1322 quantum meruit claim under Count II, the parties agree that the action is governed by the four-year provision under either section 95.11(3)(p), relating to "[a]ny action not specifically provided for in these statutes," or section 95.11(3)(k), applying to an equitable action on an obligation not founded on a written instrument. See Venditti-Siravo, Inc. v. City of Hollywood, Fla., 418 So.2d 1251, 1253 (Fla. 4th DCA 1982); Matthews v. Matthews, 222 So.2d 282, 285-86 (Fla. 2d DCA 1969). Because an action for quantum meruit involves the recovery of the value of services performed, and any services Moneyhun was performing for Vital ceased when he left the company in August 1985, we agree that the statute commenced running at that time, and therefore appellant's action for quantum meruit is barred because it was not brought before August 1989. Matthews, 222 So.2d at 286; Miami Beach First Nat'l Bank v. Borbiro, 201 So.2d 571, 572 (Fla. 3d DCA), cert. denied, 207 So.2d 689 (Fla. 1967).
In regard to Count III, alleging fraud, the parties also agree that fraud is governed by the four-year limitations provision of section 95.11(3)(j). Under Section 95.031(2), Florida Statutes (1985), the four-year period for fraud actions begins "from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." Appellees claim that the check marked "final check" and Moneyhun's testimony that Donoyan told him he was unable to pay him in 1985 placed Moneyhun on notice that Donoyan's promises were fraudulent. As previously stated, Moneyhun did not explain in his deposition what was meant by the words "final check." Appellant's statement, however, that in 1985 Donoyan told Moneyhun he could not pay him, that he did not have the money to pay him, and that the project had cost too much, in conjunction with Donoyan's repeated refusals to sign an agreement with Moneyhun, constituted sufficient notice to Moneyhun that it was his responsibility to exercise due diligence to determine whether he would, in fact, ever be paid. Accordingly, the trial court properly concluded, in the absence of evidence to the contrary, that Moneyhun's action for fraud was time barred. See, e.g., Sands v. Blando, 575 So.2d 1306 (Fla. 3d DCA 1991) (combination of facts supported trial court's conclusion as a matter of law that plaintiff should have discovered appellee's alleged fraud, justifying summary judgment).
Because we affirm summary judgment on Counts II and III, in quantum meruit and fraud, we do not reach appellant's contention that the trial court erred in concluding that those causes of action were also barred by the statute of frauds. The cause of action, as alleged in Count I, for breach of an oral contract is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] Section 725.01, Florida Statutes (1981), provides, in part:

 No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.
[2] The trial court explicitly excepted the quantum meruit claim from its ruling on the statute of limitations. Appellees ask this court to affirm the final summary judgment based upon the statute of limitations as applied to each of the causes of action, including quantum meruit, citing Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979) (appellate court may affirm a decision if it is supported by a theory different from that relied upon by the trial court).
[3] There are no facts in the record before us that would support the application of the two-year provision of section 95.11(4)(c), pertaining to "[a]n action to recover wages or overtime or damages or penalties concerning payment of wages and overtime." The supreme court has stated that the term "wages" typically refers to "`compensation for services by the day or week.'" Broward Builders Exch., Inc. v. Goehring, 231 So.2d 513, 514 (Fla. 1970) (quoting Blick v. Mercantile Trust & Deposit Co. of Baltimore, 77 A. 844 (Md. 1910)). Accord Iamaio v. Kite, 531 So.2d 400, 401 (Fla.2d DCA 1988). The alleged agreement in the case at bar is not contemplated by this definition.
[4] Appellees additionally claim that any action for damages against Donoyan's individual estate is barred by Section 733.702, Florida Statutes (1987), which requires that such actions be brought within three months of the notice of administration of the estate. However, section 733.702(1)(b) authorizes the maintenance of such actions if filed within three years of the decedent's death in the absence of notice of administration never being published. Donoyan died on September 20, 1987; therefore, the action was timely filed by April 11, 1990, if there was no published notice of administration. Because the record does not address this issue, it would constitute an issue of fact that cannot be addressed by the appellate court.