PER CURIAM.
Charles A. Perron, as the personal representative of the estate of Ursula Bardue, appeals from an order granting Harold and Martha Davidson’s motion for summary judgment on the personal representative’s counterclaim. We affirm.
The Davidsons filed a complaint alleging that the personal representative had slandered the title to property conveyed by the deceased to the plaintiffs in 1981 by including the property in the estate inventory. The personal representative filed an amended counterclaim seeking a cancellation of the 1981 deed or the imposition of a constructive trust because the Davidsons had allegedly induced the deceased to convey her property to them on their promises to pay all real estate taxes, to take care of her needs, and to keep the property in a state of good repair. The Davidsons moved for a summary judgment on the counterclaim alleging that a suit brought by the decedent in 1984 alleging the same fraud had been dismissed with prejudice and that the present action was barred by the four years statute of limitations. The trial court granted the Davidson’s motion for summary judgment on the counterclaim finding that the decedent knew of the fraud in. 1984 and that the statute of limitations barred the estate’s action for fraud in 1991. The trial court also dismissed with prejudice the Davidsons’ action for slander of title.
The trial court properly granted the motion for summary judgment where there is no genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Florida E. Coast Ry. Co. v. Metropolitan Dade County, 438 So.2d 978 (Fla. 3d DCA 1983). There is no evidence that the deceased was incompetent in 1984 when she first discovered the alleged fraud and filed her original action against the Davidsons. In fact, the record reveals that the deceased was competent. Therefore, the four year statute of limitations began to run at the latest on August 15,1984, when the deceased visited her attorney after having discovered the alleged fraud and filed her original suit against the Davidsons. §§ 95.031(2) (statute of limitations begins to *359 run from time fraud discovered), 95.11(3) (actions for fraud must be filed within four years), Fla.Stat. (1991).
Since the original action was dismissed with prejudice by the trial court with a final order, Bishop v. James A. Knowles, Inc., 292 So.2d 415 (Fla. 2d DCA 1974), the deceased had until only August 15, 1988, to refile her action. The personal representative’s counterclaim for fraud was filed after the time limit had expired and is, therefore, barred by the four year statute of limitations. See Sands v. Blando, 575 So.2d 1306 (Fla. 3d DCA 1991).
Affirmed.