[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 20-14811; 21-10198
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-24871-UU

AIDA RIOS,

                                                             Plaintiff-Appellant,

versus

MSC CRUISES, SA,
a Swiss Corporation,

                                                             Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 9, 2021)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Aida Rios tripped and fell over a raised step in a music and dance lounge while a passenger on the *MSC Seaside* ("*Seaside*") cruise ship, which resulted in an injury to her left arm and shoulder that ultimately required a complete shoulder replacement surgery.  Rios sued MSC Cruises ("MSC") for negligence, alleging that she tripped and fell over the step due to inadequate lighting in the lounge. After denying Rios's belated motion to amend her complaint and striking the testimony of Rios's lighting expert, the district court granted MSC's motion for summary judgment because it found that Rios failed to show that MSC had actual or constructive knowledge of the dangerous condition.  After careful review, we affirm.

## I.    Background

### A. The Complaint

On December 1, 2018, Rios, a 71-year-old passenger aboard the *Seaside*, tripped and fell over a step[1] in one of the dance lounges.  Thereafter, in November 2019, Rios, through counsel, filed a single-count maritime negligence suit against MSC.  In her complaint, she alleged that she tripped and fell over the step "due to the extremely poor lighting in the lounge which caused Plaintiff's fall" and that

---

[1] In her complaint, Rios used the term "staircase," but, as the district court noted, Rios later conceded that the site of the accident is best described as a "step."  And on appeal, both parties refer to the single "step."

2

MSC negligently failed to warn passengers of the dangerous condition, which it knew or should have known existed.[2]  Following months of discovery, on August 12, 2020, Rios's counsel filed a motion to amend the complaint.  The district court denied the motion as untimely because the deadline to amend the pleadings had expired almost six months prior on February 21, 2020, and Rios had not asserted good cause for the amended complaint as required by Federal Rule of Civil Procedure 16(b).

### B. MSC's Motion to Strike Rios's Lighting Expert

In addition to the expert that conducted an inspection of the ship, Rios hired a lighting expert—engineer Thomas G. Burtness, who prepared a report.  MSC moved to strike Burtness's expert report and testimony under Federal Rule of Evidence 702 on the ground that it did not meet the requirements of *Daubert*.[3]  In particular, MSC argued that Rios had failed to establish the proper foundation or reliability of the expert opinion testimony, noting that Burtness had not personally inspected the ship.  Rios opposed the motion to strike.

The district court granted MSC's motion to strike on the ground that Rios did not show that Burtness's testimony arose from sufficiently reliable

---

[2] Importantly, throughout the five-page complaint, Rios focused on the lighting of the area around the step as the hazardous condition which resulted in her failure to detect the step and her fall.

[3] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

3

methodology.  Specifically, Burtness relied on photographs and videos taken by Rios's other expert that had inspected the ship, but Rios failed to establish by a preponderance of the evidence that other experts in the field would rely upon such materials in forming their expert opinions.  In fact, Burtness acknowledged that photographs and videos were unreliable indicators of actual lighting.

### C. MSC's Motion for Summary Judgment

The parties filed cross-motions for summary judgment.  MSC argued, in relevant part, that summary judgment should be entered in its favor because Rios put forth no evidence that MSC had actual or constructive notice of the dangerous condition posed by the inadequate lighting in the lounge.  Rios opposed the motion, arguing that MSC had, at a minimum, constructive notice of the dangerous condition because it had placed "Watch Your Step" signs on the step.[4]

The district court determined that, viewing the facts in the light most favorable to Rios, MSC was entitled to summary judgment.  The district court

---

[4] Rios also produced an affidavit from a man named Joseph DiJoseph which indicated that, while a passenger on the *Seaside* in December 2017, his wife tripped and fell over the same step.  Rios argued that this affidavit established that MSC had actual notice of the dangerous condition.  However, the district court excluded the affidavit on the ground that it was based on inadmissible hearsay—namely statements DiJoseph's wife made to Joseph—and Rios had not established a hearsay exception.  Although in the facts section of her counseled initial brief before us, Rios makes a passing assertion that "[t]he district court erroneously rejected" the affidavit, she fails to dedicate a discrete section of the counseled brief to this issue or provide any supporting argument or authority for this proposition.  Accordingly, we conclude that she abandoned any claim related to the exclusion of this affidavit. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("A party fails to adequately 'brief' a claim when he does not 'plainly and prominently' raise it, for instance by devoting a discrete section of his argument to those claims." (quotation omitted); *id.* ("We have long held that an appellant

explained that actual or constructive notice of the alleged dangerous condition was an essential element of a maritime negligence claim on which Rios bore the burden of proof. The district court acknowledged that warning signs may serve as evidence of notice of a dangerous condition when there is a connection between the warning and the dangerous condition. But in this case, the "Watch Your Step" signage did not establish either actual or constructive notice because there was not a sufficient connection between the warning and the dangerous condition—inadequate lighting. Accordingly, the district court concluded that MSC was entitled to summary judgment because Rios failed to establish an essential element of her claim.

On appeal, Rios argues that (1) the district court abused its discretion in denying her motion to amend the complaint; (2) the district court misconstrued her complaint and erred in granting summary judgment to MSC because she established notice of the dangerous condition; and (3) the district court abused its discretion in excluding Burtness's expert testimony and report. We address each claim in turn.

---

abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Although she provided some argument on this issue in her reply brief, as in *Sapuppo*, those "arguments come too late." *Id.* at 682–83; *see also Big Top Koolers, Inc. v. Circus–Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008) ("We decline to address an argument advanced by an appellant for the first time in a reply brief.").

## II.    Discussion

### 1. Whether the district court abused its discretion in denying Rios's motion to amend

Rios argues that the district court abused its discretion in denying her motion to amend her complaint. "We review for abuse of discretion a district court's denial of a motion to amend." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Where, as here, the plaintiff seeks leave to amend the complaint after a responsive pleading has been filed, she may amend the complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 further provides that "[t]he court should freely give leave when justice so requires." *Id.* However, where leave to amend is sought after the relevant deadline in the scheduling order, Federal Rule of Civil Procedure 16(b) requires that the plaintiff demonstrate good cause for the amendment. Fed. R. Civ. P. 16(b)(4); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) ("[W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted."); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (discussing interplay between Rule 15(a) and Rule 16(b)).

Rios's initial 2019 complaint asserted that MSC Cruises (a) "knew or should have known, that an unreasonably dangerous condition existed in the area of the [step] due to the extremely poor lighting in the lounge which caused Plaintiff's fall"; and (b) was negligent in failing to warn passengers of the "trip/fall hazard . . . despite being on notice of the condition and its dangerous propensities especially given the dark lighting in the dance lounge, including the failure to place warning signs, cones, or ropes in the area of the staircase or otherwise delineate it as a dangerous condition."  In other words, she alleged that the inadequate lighting in the lounge created a dangerous condition in the area of the step.

However, on August 12, 2020, after months of discovery and almost six months after the amended pleading deadline set by the district court, Rios's counsel sought leave to file an amended complaint which provided as follows:

a) The Defendant . . . knew or should have known, that an unreasonably dangerous condition existed in the area of the elevated step as a single elevated step when not readily apparent creates a danger, especially when due to the extremely poor and inadequate lighting, and a concealed elevation of the step due to a visual cue created by the "mirror section of the step" which reflects an elevation of the step which is inaccurate, all of which caused or contributed to Plaintiff's fall; and

b) Negligently failing to warn passengers, and in particular the Plaintiff, of a dangerous and hazardous condition which it knew, or should have known, existed in the aforesaid trip/fall hazard as described above, again despite being on notice of the condition and it's [sic] dangerous propensities especially given the extremely poor and inadequate lighting, and a concealed elevation of the step due to a visual cue created by the "mirrored section of the step" which reflects an elevation of the step which is inaccurate, and including the failure to place warning signs, cones, or

ropes in the area of the elevated step or otherwise delineate it as a dangerous condition.

In short, she alleged that, in addition to the inadequate lighting in the lounge, the design of the step itself created a dangerous condition.

The district court did not abuse its discretion in denying Rios's motion to amend her complaint—filed almost 6 months after the deadline for pleading amendments—because Rios failed to show good cause. Rios asserted in her motion to amend that, since the filing of her complaint, she had received one of her expert's reports which indicated that the design/build of the step itself was a dangerous condition. However, the fact that discovery may have revealed additional theories to support her negligence claim does not establish good cause for a belated amendment of the complaint well after the established deadline.[5]

On appeal, Rios argues that she established good cause for the amendment because MSC had not argued that the single step change in elevation was not covered by the amended pleading until after the relevant pleading deadline had passed. However, we note that Rios did not make this argument to the district court. Moreover, the record reveals that MSC had not made this argument at all at the time she sought to amend her complaint. And regardless, the fact that MSC did

---

[5] Rios alleged in her motion for leave to amend that she raised two negligence theories in her initial complaint—one based on the inadequate lighting in the area of the step and one based on a defect with the design of the step itself—and that the amended complaint was simply a "clarify[ing]" amendment. However, her contention is belied by the record as the allegations in the proposed amended complaint were substantially different than those in the initial complaint.

not argue that Rios had failed to allege that the step itself was a dangerous condition until after the deadline to amend had passed does not constitute good cause for a belated amendment of the complaint post-discovery. Rios was represented by counsel and as the plaintiff was the master of her complaint, meaning that she (not MSC) was required to "identify [her] claims with sufficient clarity." *Sledge*, 275 F.3d at 1018 n.8.

Accordingly, we cannot say that under these circumstances the district court abused its discretion in denying the belated motion to amend. *See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) ("Because we conclude that [the plaintiff] has failed to show good cause for the eleventh hour amendment, we find that the district court did not abuse its discretion by enforcing its timetable for disposition of the case.").

## 2. Whether the district court misconstrued Rios's complaint and erred in granting summary judgment

### A. Construction of the Complaint

Rios argues the district court erred by interpreting her 2019 complaint as only asserting a negligence claim based on inadequate lighting in the area of the step. She maintains that she "clearly alleged multiple dangerous conditions" in her complaint, including "allegations about the dangerous condition presented by the single step change in elevation," and that the district court erred in reading her complaint too narrowly.

9

We review a district court's grant of summary judgment *de novo*, "view[ing] the evidence in the light most favorable to the non-moving party." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). Summary judgment is proper if the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted against a party who fails to establish the existence of an essential element of her case for which she will bear the burden of proof at trial. *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quotation omitted); *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) (explaining that a complaint must "identify [the plaintiff's] claims with sufficient clarity to enable the defendant to frame a [responsive] pleading").

After reviewing her 2019 five-page single-count complaint, the district court concluded that the only negligence theory Rios alleged was that she tripped and fell over the step because of inadequate lighting on the ship. We agree with the district court. The counseled complaint alleged in the single negligence count that

10

"an unreasonably dangerous condition existed in the area of the [step] due to the extremely poor lighting in the lounge which caused Plaintiff's fall."  Although the complaint generally asserted that MSC could have placed "warning signs, cones, or ropes in the area of the [step]," it did not allege that any issues with the elevation of the step or the design or build of the step contributed to her fall.[6]  Rather, the allegations concerning issues with the elevation and design of the step arose for the first time in Rios's motion to amend the complaint, which the district court denied. Accordingly, Rios's counseled initial complaint did not give MSC notice that the negligence claim was also based on the theory that the design or build of the step

_____

[6] While Rios is correct that, at the summary judgment stage, as the non-movant all reasonable inferences must be drawn in her favor and that the notice pleading standard is a liberal pleading rule, neither principle requires that the "defendants must infer all possible claims that could arise out of facts set forth in the complaint." *Gilmour v. Gates. McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).  Rather, "[p]laintiffs are the masters of their claims" and Rios's conclusory allegations in her complaint relating to the lack of "sufficient warning signs" in the area of the step were not sufficient to put MSC on notice that Rios was also arguing that the design and build of the step itself constituted a dangerous condition. *See Merle Wood & Assocs., Inc. v. Trinity Yachts, Inc.*, 714 F.3d 1234, 1237 (11th Cir. 2013).  Moreover, we note that Rios was represented by counsel, which further undermines her argument that her complaint should have been liberally construed. *See GJR Invs., Inc. v. Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (explaining that because the plaintiff "was represented by counsel; it was not necessary for the court to read [the] complaint with such indulgence"), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).  Finally, Rios's assertion that the parties "understood" that "the single step change in elevation" was part of the negligence claim is refuted by the record.  The record confirms that MSC consistently and repeatedly argued in the district court that Rios did not have a claim based on an issue with the step itself and that the only basis for her negligence claim was the inadequate lighting in the lounge.  The fact that Rios argued in her response to MSC's motion for summary judgment that the single step elevation itself constituted a dangerous condition is not relevant because "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour*, 382 F.3d at 1315.

11

itself was a dangerous condition, and the district court did not misconstrue her complaint.

### B. Summary Judgment

Rios also argues that the district court erred in granting MSC's motion for summary judgment because MSC had notice of the complained of dangerous condition that caused Rios's fall as evidenced by the "Watch Your Step" warning signs on the step.

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019). In such cases, "we rely on general principles of negligence law." *Id.* (quotation omitted) (alteration adopted). A negligence claim requires the plaintiff to show that "(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Id.* (quotation omitted).

> With respect to the duty element in a maritime context, a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew. This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure. In this circumstance, a cruise ship operator's liability hinges on whether it knew or should have known about the dangerous condition.

12

*Id.* (quotations and internal citations omitted).  Thus, Rios bore the burden of establishing by a preponderance of the evidence that MSC "knew or should have known about the risk-creating condition." *Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020) (quotation omitted).  The existence of warning signs may establish constructive notice of a dangerous condition, provided that there is "a connection between the warning and the danger."  *See Guevara*, 920 F.3d at 721; *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020).

For example, in *Sorrels v. NCL (Bahamas) Ltd.*, after slipping and falling on an exterior pool deck that was wet from rain, a passenger sued NCL cruise line, alleging negligence.  796 F.3d 1275, 1279 (11th Cir. 2015).  We held that evidence that the cruise ship "would sometimes post warning signs on the pool deck after it had rained" advising passengers that the decks could be slippery when wet created a genuine issue of material fact as to NCL's knowledge that the pool deck "could be slippery (and therefore dangerous) when wet," which precluded summary judgment.  *Id.* at 1288–89.

Similarly, in *Guevara*, the plaintiff brought a negligence claim against NCL after he fell on a step down, alleging, in relevant part, that NCL was negligent in failing to warn passengers of the step down.  920 F.3d at 715.  We held that a sign on the step that read "ATTENTION!  FOR YOUR OWN SAFETY PLEASE USE THE HANDRAIL.  WATCH YOUR STEP" was sufficiently connected to the

13

danger—the step down—to permit an inference that the cruise line had actual or constructive notice that the step down could be dangerous, which precluded summary judgment. *Id.* at 715, 721–22. In reaching that decision, however, we explained that "[n]ot all warning signs will be evidence of notice." *Id.* at 721. Rather, a "'watch your step' warning sign means precisely what it says . . . to caution persons on the ship that the step was there." *Id.* (quotation omitted). Thus, we explained that previously we rejected a claim that a "watch your step" sign could serve as notice "that the stair's nosing was slippery" because "common sense dictate[d] that the sticker served to caution persons that the step was there; that is, it warned passengers that the surface was not flat. There [was] no evidence that it was intended to warn passengers that the nosing may be slippery." *Id.* (emphasis and quotation omitted).

Rios argues that a small "Watch Your Step" sign on the face of the step on which she tripped established that MSC had notice of the "dangerous condition presented by the single step change in elevation," but as explained previously, the design of the step itself was not a basis for her negligence claim. To the extent that she also argues on appeal that the warning sign established notice that the inadequate lighting in the lounge created a dangerous condition in the area of the step, we disagree. As we explained in *Guevara*, a "Watch Your Step" warning sign means precisely what it says . . . to caution persons on the ship that the step

14

was there" and that the surface was not flat. *Id.* There is no evidence that the warning was intended to warn passengers that inadequate lighting in the lounge may pose a dangerous condition in that area. And Rios failed to proffer any evidence that demonstrates that MSC was on notice that the inadequate lighting in the lounge created a dangerous condition for its passengers. Accordingly, because Rios failed to establish the existence of an essential element of her case for which she will bear the burden of proof at trial, the district court properly granted MSC's motion for summary judgment. *Melton*, 841 F.3d at 1219.

### 3. Whether the district court erred in striking the testimony and report of Burtness

Rios argues that the district court abused its discretion by striking the testimony and expert report of Burtness. But, even assuming arguendo that the district court abused its discretion in striking Burtness, MSC would still be entitled to summary judgment on Rios's claims because Rios failed to establish the notice element of her negligence claim.[7] *Melton*, 841 F.3d at 1219.

Accordingly, for all these reasons, we affirm the district court.[8]

**AFFIRMED.**

---

[7] Burtness's proposed testimony and expert report concluded that MSC had notice of the dangerous condition posed by the step based on the "Watch Your Step" sign, but as discussed above, that sign is not sufficiently connected to the inadequate lighting issue, and it therefore, does not establish notice for purposes of this negligence claim.

[8] In light of our holding, we do not address Rios's costs related argument because she acknowledges that, if we affirm, the district court's costs award should stand.

15