[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13275
_____

D.C. Docket No. 1:09-cv-00616-TWT


FLINTLOCK CONSTRUCTION SERVICES, LLC,

Plaintiff - Counter
Defendant - Counter
Claimant - Appellant,

versus

WELL-COME HOLDINGS, LLC,

Intervenor Plaintiff -
Counter Defendant -
Appellee,

versus

AMERICAN SAFETY RISK RETENTION GROUP, INC.,
AMERICAN SAFETY INSURANCE SERVICES, INC.,

Defendants - Counter
Claimants - Appellees.

_____

No. 11-14885

_____

1:09-cv-00616-TWT

FLINTLOCK CONSTRUCTION SERVICES, LLC,

Plaintiff  - Counter
Defendant - Counter
Claimant,

versus

WELL-COME HOLDINGS, LLC,

Intervenor Plaintiff -
Counter Defendant -
Appellant,

versus

AMERICAN SAFETY RISK RETENTION GROUP, INC.,
AMERICAN SAFETY INSURANCE SERVICES, INC.,

Defendants – Counter
Claimants - Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(February 26, 2013)

Before TJOFLAT and BLACK, Circuit Judges, and MOLLOY,[*] Senior District Judge.

TJOFLAT, Circuit Judge:

In its complaint in intervention in this case, the developer of an apartment building in New York City, Well-Come Holdings, LLC ("Well-Come"), seeks a judgment declaring that it is an additional insured on a commercial general liability policy and an excess/umbrella liability policy allegedly issued to Flintlock Construction Services, LLC ("Flintlock LLC"), its contractor on the apartment building project, by American Safety Risk Retention Group, Inc. ("ASRRG"), and American Safety Insurance Services, Inc. ("ASIS").[1]  The reason why Well-Come seeks the declaration is that several third parties have brought tort actions against Well-Come and Flintlock LLC in New York state court to recover damages they sustained as a result of the construction of Well-Come's apartment building.

In their answer to Well-Come's complaint,[2] ASRRG and ASIS denied that either company issued the commercial general liability policy and excess/umbrella

---

[*] The Honorable Donald W. Molloy, Senior District Judge, United States District Court for the District of Montana, sitting by designation.

[1] American Safety Insurance Services, Inc. ("ASIS"), is a company that serves as the program manager for three American Safety insurance companies, including American Safety Risk Retention Group, Inc. ("ASRRG"), American Safety Indemnity Company, and American Casualty Insurance Company.  ASIS does not issue insurance policies.

[2] We refer to Well-Come's complaint in intervention as the "complaint."  Well-Come intervened with leave of court after Flintlock LLC brought this lawsuit against ASRRG and ASIS.  Flintlock LLC, ASRRG, and ASIS settled their dispute, so the issues now pending in the District Court and here are those framed by the allegations of Well-Come's complaint against

3

liability policy as Well-Come's complaint alleges.[3]  ASRRG and ASIS also counterclaimed against Well-Come, seeking a declaration that they did not issue such policies to Flintlock LLC.

---

ASRRG and ASIS and its cross-claim against Flintlock LLC.

In paragraphs 6 and 7 of its complaint, Well-Come alleged:

> 6.
>   American Safety [i.e., ASRRG and ASIS] issued a commercial general liability policy of insurance, Policy No. POL 03-3765-001, and an excess/umbrella policy of insurance, Policy, No. AXS 03-3765-001 to Flintlock [LLC] for the policy period covering plaintiff's complaints in the underlying action.
>
> 7.
>   Further, as evidence of Well-Come's status as an additional insured under the American Safety [i.e., ASRRG and ASIS] policies, Flintlock [LLC] provided Well-Come with a certificate of insurance, naming, among others, Well-Come as an additional insured under Flintlock [LLC]'s general liability and excess/umbrella policies of insurance.

In paragraph 6, "plaintiff's complaints in the underlying action" refers to the tort actions brought by third parties against Well-Come and Flintlock LLC, as mentioned in the text preceding this footnote.  In paragraph 7, a "certificate of insurance" actually refers to a certificate of insurance Flintlock LLC provided to Well-Come, which states that Flintlock LLC has a commercial general liability insurance policy and an excess/umbrella policy with American Safety Indemnity Company, not with ASRRG and ASIS.

[3]  ASRRG and ASIS's answer responds to paragraphs 6 and 7 of the complaint as follows:

> 6.
>   Paragraph 6 of Intervener's Complaint is denied as pled.  In further response, American Safety Risk Retention Group, Inc. did issue a liability policy, policy number POL 03-3765-00, with policy period January 8, 2003 to January 8, 2004, to Flintlock Construction Services, Inc.
>
> 7.
>   Paragraph 7 of Intervener's Complaint is denied.  By way of further answer, these Defendants specifically deny that Well-Come is or was ever any

In addition to seeking declaratory relief against ASRRG and ASIS, Well-Come filed a cross-claim against Flintlock LLC, seeking a declaration that Flintlock LLC must indemnify it in accordance with an indemnification provision in their construction contract for any judgment Well-Come may suffer in any of the third-party tort actions.[4]  Flintlock LLC, in turn, filed a cross-claim against Well-Come, seeking a declaration to the contrary.

Following discovery, all parties moved the District Court for summary judgment.  See Fed. R. Civ. P. 56.  The District Court granted Well-Come's motion against Flintlock LLC, declaring that Flintlock LLC must indemnify Well-Come for any judgment entered against it in the third-party tort actions.  The court also granted ASRRG and ASIS summary judgment against Well-Come, and denied the latter's motion against them.

Flintlock LLC now appeals the judgment entered in favor of Well-Come. Well-Come appeals the judgment entered in favor of ASRRG and ASIS.  We

---

additional insured under any American Safety Risk Retention Group, Inc. policy, and deny that Well-Come was ever named on or received a proper certificate of insurance naming it as an additional insured under any policy issued by American Safety Risk Retention Group, Inc. to any named insured, whether primary or excess/umbrella.

[4]  Well-Come also seeks indemnification from Flintlock LLC pursuant to a settlement agreement reached in a case that Well-Come brought against Flintlock LLC and American Safety Indemnity Company in the New York Supreme Court.  American Safety Indemnity Company is the insurance company named in the certificate of insurance referred to in paragraph 7 of Well-Come's complaint.  See supra note 2.

5

vacate the judgment against Flintlock LLC, and, in Well-Come's appeal, affirm the judgment for ASRRG and ASIS.

## I.

As an initial matter, we must determine whether the District Court had subject matter jurisdiction to hear the case. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S. Ct. 162, 165, 79 L. Ed. 338 (1934) ("An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review."). We raise the issue sua sponte. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

Diversity of citizenship is the sole basis for federal subject matter jurisdiction in this case. 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). For the purpose of determining diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Flintlock LLC is a limited liability company composed of three members; two members are citizens of New York and one member is a citizen of Florida. ASRRG is a corporation formed under Vermont law and maintains its principal place of business in Georgia. ASIS is a corporation formed under Georgia law and maintains its principal place of business there. Accordingly, Flintlock LLC is diverse from ASRRG and ASIS.

Well-Come, the intervenor, brought claims against Flintlock LLC, the original plaintiff, and ASRRG and ASIS, the original defendants.[5] Well-Come is a limited liability company composed of two members, both of whom are citizens of New York. Although Well-Come is diverse from ASRRG and ASIS, it is not diverse from Flintlock LLC. Because Well-Come and Flintlock LLC are both citizens of New York, Well-Come's presence in the suit destroys complete diversity.[6]

---

[5] Well-Come moved the District Court for leave to intervene in the action pursuant to Fed. R. Civ. P. 24. In its brief in support of its motion to intervene, Well-Come sought intervention pursuant to Rule 24(a) (intervention as of right) and, in the alternative, Rule 24(b) (permissive intervention). The District Court's order granting intervention did not indicate whether intervention was pursuant to Rule 24(a) or 24(b).

[6] Well-Come's claims against Flintlock LLC cannot be maintained under supplemental jurisdiction, 28 U.S.C. § 1367(a). Although Well-Come has an independent basis for jurisdiction against ASRRG and ASIS under 28 U.S.C. § 1332 because Well-Come is diverse from them, that basis for jurisdiction cannot support the exercise of supplemental jurisdiction over Well-Come's claims against Flintlock LLC. See 28 U.S.C. § 1367(b) ("[T]he district courts shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 [of the Federal Rules of Civil Procedure], when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [28 U.S.C. §] 1332.").

7

Had this issue been raised in the District Court after it granted Well-Come intervention, the court could have limited Well-Come's intervention to the claims brought only against ASRRG and ASIS—parties from which Well-Come is diverse.  See John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88, 42 S. Ct. 196, 198, 66 L. Ed. 475 (1922) ("If [an order] be only interlocutory, the court at any time before final decree may modify or rescind it."); Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981) ("As long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").  But because this issue has been raised for the first time on appeal, we must decide whether we possess the power to dismiss the jurisdictional-spoiling claims Well-Come brought against Flintlock LLC.

We conclude that we possess this power.  We may dismiss Well-Come's claims against Flintlock LLC under our inherent power "to manage [our] own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962)).  To do otherwise—by remanding the case to the District Court with instructions to dismiss Well-Come's claims against Flintlock

8

LLC—would subject the litigants and this court to needless waste and delay.

Accordingly, we dismiss Well-Come's claims against Flintlock LLC as well as

Flintlock LLC's counterclaims against Well-Come.  With this dismissal, we are

satisfied that we have subject matter jurisdiction over Well-Come's appeal and

proceed to its merits.

## II.

In appealing the judgment for ASRRG and ASIS,[7] Well-Come concedes that

ASIS is not an insurance company and thus did not insure Flintlock LLC.

Summary judgment for ASIS was therefore appropriate.  Based on the insurance

policies contained in the record, Well-Come must also concede that ASRRG issued

a commercial general liability policy and an excess/umbrella liability policy to

"Flintlock Construction Services, Inc.," a non-existent company,[8] but not to

Flintlock LLC.  In fact, ASRRG did not issue Flintlock LLC an insurance policy of

any kind.  Again, based on the certificate of insurance contained in the record,

Well-Come must also concede that its certificate of insurance names American

Safety Indemnity Company, not ASRRG, as the insurer.  Accordingly, to the

---

[7]  We review the District Court's grant of summary judgment de novo.  Perry v. Sec'y, Fla. Dept. of Corr., 664 F.3d 1359, 1363 (11th Cir. 2011).  We consider in the light most favorable to Well-Come the evidence before the District Court and any inferences such evidence reasonably yields.  Id.

[8]  The record indicates that Flintlock Construction, Inc., a company unrelated to Flintlock LLC, was in existence at the time ASRRG allegedly insured Flintlock Construction Services, Inc.  The record contains no evidence that ASRRG ever issued a commercial general liability policy or any other insurance policy to Flintlock LLC.

extent that Well-Come claims that it is in fact an additional insured under a Flintlock LLC policy issued by ASRRG, Well-Come has failed to support this claim as alleged in the complaint.

Rather than seeking the reformation of the policies ASRRG issued to Flintlock Construction Services, Inc., to reflect that ASRRG issued them to Flintlock LLC, and then, if successful, seeking the reformation of the certificate of insurance American Safety Indemnity Company purportedly issued to Well-Come to reflect that ASRRG issued that certificate, Well-Come instead seeks a declaration that ASRRG is estopped from denying that it issued the policies to Flintlock LLC and the certificate of insurance to Well-Come.  And having effectively issued such policies and the certificate of insurance, ASRRG, according to Well-Come, is obligated to defend Well-Come in the third-party tort actions and pay any judgments that may be entered against it in those cases.

Well-Come says that ASRRG is estopped from denying that it insured Flintlock LLC and Well-Come against the losses they might sustain in the third-party tort actions because (1) ASRRG, without reserving its right to contest that it insured Flintlock LLC and Well-Come, provided them a defense in those cases (until it denied coverage and withdrew further representation); and (2) ASRRG authorized Flintlock LLC's insurance broker to name additional insureds by issuing certificates of insurance under any ASRRG insurance policy issued to

Flintlock LLC.  Due to such authorization, the broker—by issuing Well-Come a certificate stating that American Safety Indemnity Company (not ASRRG) had issued a commercial general liability policy and an excess/umbrella liability policy to Flintlock LLC—effectively represented as ASRRG's agent that ASRRG had insured Well-Come, as alleged in the complaint.

The problem with Well-Come's estoppel theories is that Well-Come's complaint contains no reference to either theory—or use of the word "estoppel"—or any allegation that would lead a lawyer or jurist to believe, or even to surmise, that the complaint was asserting liability based on a theory of estoppel.  The complaint does allege that Flintlock LLC "agreed to defend and indemnify Well-Come in the underlying actions" and that a law firm was retained to represent it and Flintlock LLC in those cases.  Complaint ¶ 12.  But the complaint does not allege that, as a result of Well-Come's agreement with Flintlock LLC, ASRRG was estopped to deny that it had issued Flintlock LLC the insurance policies described in the complaint.[9]  Nor does the complaint allege that ASRRG authorized Flintlock LLC's broker to name additional insureds by issuing certificates of insurance under any ASRRG policy issued to Flintlock LLC.

Well-Come would hope to avoid the consequence of its failure to assert these estoppel claims in its complaint by referring to the brief it filed in support of

---

[9] See supra note 2.

11

its motion for summary judgment, in which it argued at length that the court should grant it summary judgment because ASRRG was estopped from denying the existence of the insurance coverage alleged in its complaint. Moreover, ASRRG responded to the merits of this estoppel argument in the brief it filed in opposition to Well-Come's motion for summary judgment. ASRRG did so without pointing out that the complaint contained no indication that Well-Come was seeking relief on theories of estoppel.

According to ASRRG, Well-Come's first estoppel theory failed because the record contained no evidence that Well-Come was an additional insured under any ASRRG policy and thus Well-Come lacked standing to raise the estoppel claim it was asserting. And the second theory failed because nothing in the record indicated that ASRRG had authorized Flintlock LLC's broker to issue a certificate of insurance to the effect that Well-Come was an additional insured on any ASRRG policy.

The District Court, by addressing Well-Come's estoppel theories on the merits in its order granting ASSRG and ASIS summary judgment, likewise treated Well-Come's complaint as if it had asserted that ASRRG was estopped from denying that Flintlock LLC and Well-Come were insured as alleged. Responding to the first estoppel theory, the court held that although the record contained evidence that ASRRG had paid the fees charged by the law firm defending

12

Flintlock LLC and Well-Come in the third-party tort actions, under Georgia law—specifically, Jones v. Georgia Casualty & Surety Co., 89 Ga. App. 181, 78 S.E.2d 861 (Ct. App. 1953)—Well-Come lacked standing to plead estoppel because Well-Come did not "[fall] squarely within the definition of the insured as contained in the provisions of the policy" at issue, i.e., the commercial general liability policy and the excess/umbrella liability policy ASRRG had actually issued to Flintlock Construction Services, Inc.  Order at 10.  The court considered the second estoppel theory on the merits and rejected it, not because it had no foundation in Georgia law but because the certificate of insurance referenced in the complaint, see Complaint ¶ 7, actually referred to an insurance policy issued by American Safety Indemnity Company, not ASRRG as the complaint alleged.

What Well-Come implies in its opening brief on appeal is that the brief it submitted to the District Court in support of its motion for summary judgment effectively amended its complaint to assert two additional claims, the estoppel claims set out above.  The amendment became a reality, Well-Come implies, when (1) ASRRG and ASIS, in their brief in opposition to the motion, did not object to the estoppel arguments on the ground that they were out of order because Well-Come had not obtained leave of court, as required by Federal Rule of Civil Procedure 15(a)(2), to amend its complaint; and (2) the District Court addressed

13

the estoppel arguments as if the complaint asserted them as independent claims for relief.

The current practice in some district courts—especially in the summary judgment setting—is to ignore what the respective parties alleged in their complaint and answer and to consider their claims and defenses as depicted in the memoranda they filed in support of or in opposition to a motion for summary judgment. As is the situation here, the claims and defenses presented in the memoranda supporting or opposing summary judgment are not presented in the complaint and answer with the specificity required by the Federal Rules of Civil Procedure and the Supreme Court's decisions in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); rather, they are presented in a shorthand fashion. The result is that on appeal we have difficulty in determining whether the district court, in granting summary judgment, ruled on the claims and defenses as stated in the complaint and answer or as stated in the memoranda submitted to the court on summary judgment, as if the pleadings had been amended by implied consent.

We encountered this dilemma most recently in GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244 (11th Cir. 2012), cert. denied, 2013 WL 57149 (U.S. Jan. 7, 2013) (No. 12-486). There, in their motion for summary judgment, the plaintiffs

14

sought to eliminate a critical deficiency in the allegations of their amended complaint by including additional facts. The defendants did not object to this tactic on the ground that the plaintiffs were, in effect, seeking to amend their complaint. And the district court, in ruling on the sufficiency of the complaint, appeared to have considered the additional facts as if they had been alleged in the complaint. In affirming the district court's dismissal of the claim at issue, we refused to consider these additional facts, citing precedent that precludes a plaintiff from amending its complaint "through argument at the summary judgment phase of proceedings." Id. at 1258 n.27. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004).

This court's precedent foreclosed Well-Come's attempt to amend its complaint at the summary judgment stage without seeking leave of court pursuant to Rule 15(a)(2). Accordingly, the District Court should have disposed of Well-Come's claim with a statement that Well-Come failed to establish that ASRRG and ASIS issued a commercial general liability policy and excess/umbrella liability policy to Flintlock LLC, as alleged in paragraphs 6 and 7 of its complaint. We affirm the court's judgment on that ground. Krutzig v. Pulte Home Corp., 602

15

F.3d 1231, 1234 (11th Cir. 2010) ("This court may affirm a decision of the district court on any ground supported by the record.").

III.

For the reasons stated above, we vacate the judgment against Flintlock LLC, we dismiss Well-Come's claims against Flintlock LLC, and we affirm the judgment for ASRRG and ASIS.

VACATED, in part; DISMISSED in part; AFFIRMED, in part.