■ FLINTLOCK CONSTRUCTION SERVICES, LLC, Respondent, v RUBIN, FIORELLA & FRIEDMAN LLP, Appellant. [972 NYS2d 243]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 12, 2012, which, to the extent appealed from, denied defendant's motion to dismiss the remaining two counts of the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed, without prejudice. The Clerk directed to enter judgment accordingly.

In this legal malpractice action, plaintiff alleges that defendant law firm negligently represented it in connection with underlying construction litigation by entering into a stipulation, without its authorization, pursuant to which it became obligated to defend and indemnify the owner of the subject premises in the underlying litigation without limitation. Defendant incorrectly argues that plaintiff's claims should be dismissed as a matter of law based on the Eleventh Circuit's vacatur of the federal district court's finding that the stipulation requires plaintiff to defend and indemnify the premises owner without limitation and for its own negligence (*see Flintlock Constr. Servs., LLC v Well-Come Holdings, LLC*, 710 F3d 1221, 1224

[11th Cir 2013]). The Eleventh Circuit vacated the decision on diversity grounds and did not reach the merits of the subject stipulation.

Contrary to defendant's assertion, the documentary evidence does not conclusively refute plaintiff's allegations (*see Franklin v Winard*, 199 AD2d 220, 220 [1st Dept 1993]), since the premises owner, its consultants and subcontractors are named in the underlying litigation, their contracts are not included in the record on appeal, and the allegations against them include the types of activities which form the basis of the underlying complaints. Nevertheless, even if the stipulation provides for an unlimited obligation, there has been no finding that the project owner was negligent. At this juncture, plaintiff's allegations of proximate cause and damages are premature or speculative, as it is unable to prove that any such damages are directly traceable to defendant's conduct (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151, 153-154 [1st Dept 2003]). Accordingly, we dismiss without prejudice to raising the malpractice claims upon resolution of the underlying action. Concur—Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 31835(U).]**