[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15324
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-81307-KAM

ARMANDO ADAMES RIVAS,

Plaintiff - Appellant,

versus

THE BANK OF NEW YORK MELLON,
a.k.a. BONYM,
BAYVIEW LOAN SERVICING, LLC,
BANK OF AMERICA, N.A.,
LAW OFFICES OF AKERMAN LLP,
ADAM G. SCHWARTZ, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 20, 2017)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Armando Rivas, proceeding *pro se*, appeals the dismissal of his complaint alleging that defendants, several entities in the banking and loan industries, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"); federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343; the Fourteenth Amendment; and a variety of state laws by fraudulently foreclosing on his home.  On appeal, Rivas argues that the district court improperly dismissed his FDCPA claim as time-barred and should have afforded him an opportunity to file an amended complaint.  We hold that the district court was correct to dismiss Rivas's federal claims but abused its discretion by failing to permit Rivas to file an amended complaint properly alleging diversity jurisdiction over his state law claims.  We therefore affirm in part and vacate in part the district court's order and remand for proceedings consistent with this opinion.

## I.    BACKGROUND

On June 4, 2012, Bank of New York Mellon ("BONYM") filed a foreclosure action against Armando Rivas in the Circuit Court of Palm Beach County (the "Foreclosure Action").  The complaint alleged that Rivas had defaulted on his mortgage by failing to make required payments, declared the full amount of the mortgage payable, and requested a court-ordered sale of Rivas's

2

home.  Rivas filed a notice of appearance in the case on June 14, 2012.  The Foreclosure Action was terminated on October 9, 2015 after Rivas filed a bankruptcy petition in the Southern District of Florida.

Rivas filed a *pro se* complaint against defendants BONYM, Bayview Loan Servicing, LLC, Bank of America, N.A., Akerman LLP, several current and former Akerman attorneys, Morris Schneider Wittstadt LLP, and Silver Jade Deutch.  Rivas's complaint alleged that the defendants used a fraudulent assignment of Rivas's mortgage from American Mortgage Network, Inc. to BONYM to support the Foreclosure Action.  The district court treated the complaint as though it pursued relief under the FDCPA, the federal mail and wire fraud statutes, the Fourteenth Amendment, and a variety of state laws.  Although the complaint made no allegations as to when Rivas discovered the alleged fraud, Rivas represented to the district court that he discovered the defendants' alleged wrongdoing in May 2014.

The complaint alleged that the district court had both federal question and diversity jurisdiction over the case.  Nonetheless, for all parties except BONYM and American Mortgage Network, the complaint failed to allege citizenship, instead pleading only the parties' residencies. [1]  The complaint indicated that a

---

[1] The complaint alleged that BONYM had its principal place of business in New York, and did not identify any citizenship or residency for American Mortgage Network.

number of defendants were "resident[s] of the state of Florida."  The complaint also alleged that Rivas was "a resident of Palm Beach County, Florida."

In anticipation of a motion to dismiss, the district court entered a discovery stay.  Thereafter, the defendants moved to dismiss Rivas' complaint, and the district court granted the motion.  The district court ruled that Rivas's Fourteenth Amendment claim failed because the complaint did not allege any state action and the mail and wire fraud claims failed because those statutes do not create a private right of action.  As to the FDCPA claim, the district court concluded that, because Rivas failed to file his complaint within one year of discovering the alleged fraud or the filing of the Foreclosure Action, his claim was barred by the FDCPA's statute of limitations.  Having disposed of all federal claims with prejudice, the district court determined that it lacked subject matter jurisdiction over Rivas's remaining state law claims because he improperly alleged the parties' residencies, as opposed to the parties' citizenship.[2]  The district court dismissed those claims without prejudice.  The court also denied Rivas the opportunity to file an amended complaint properly alleging diversity jurisdiction, noting that doing so would be futile because the original complaint alleged that both Rivas and a number of the defendants were residents of Florida.

---

[2] The district court also declined to assert supplemental jurisdiction over Rivas's state law claims. A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Rivas appeals the district court's dismissal of his FDCPA and state law claims, failure to afford him an opportunity to file an amended complaint, and entry of a discovery stay pending the outcome of the defendants' motion to dismiss.

## II.    STANDARD OF REVIEW

We review a district court's decision granting a motion to dismiss *de novo*. *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016).  In doing so, we accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).  We review the district court's discovery rulings for an abuse of discretion.  *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004).  "We generally review the district court's decision to deny leave to amend for an abuse of discretion, but we will review *de novo* an order denying leave to amend on the grounds of futility, because it is a conclusion of law that an amended complaint would necessarily fail."  *City of Miami v. Wells Fargo & Co.*, 801 F.3d 1258, 1265 (11th Cir. 2015).

## III.    DISCUSSION

### A.    FDCPA Claim

Rivas's FDCPA claim is subject to a one-year statute of limitations.  15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter

5

may be brought . . . within one year from the date on which the violation occurs."). The district court found that the violation occurred on the date the Foreclosure Action was filed and concluded that Rivas's complaint, filed more than a year from that date, was barred by the statute of limitations. Rivas contends this was error, arguing that the statute of limitations did not begin to run until he discovered the defendants' wrongdoing. We conclude that the district court properly dismissed Rivas's FDCPA claim as time-barred.

Rivas's complaint alleged that the act that violated the FDCPA was the Foreclosure Action, which allegedly was based on fraudulent documentation. This Court has not yet determined when the limitations clock begins to run where the act allegedly violating the FDCPA is a debt collection or foreclosure lawsuit. But every other court to consider the question has determined that the clock begins to run on either the date the initial suit was filed or the day the FDCPA plaintiff became aware of the initial suit—not when the initial suit ultimately was terminated. *See, e.g.*, *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445–46 (5th Cir. 2013); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). We agree. "The alleged violation of the [FDCPA is] not a [judgment terminating the initial suit], but the bringing of the suit itself." *Naas*, 130 F.3d at 893. Consequently, the statute of limitations in this case began to run on June 4, 2012, when BONYM filed the Foreclosure Action, or, at the latest, on June 14, 2012

6

when Rivas filed a notice of appearance in the Foreclosure Action.  Rivas filed this action on September 21, 2015, over three years later.  His FDCPA claim therefore is barred.

Rivas argues that under the "delayed discovery" rule, the statute of limitations did not begin to run until he discovered the defendants' malfeasance "sometime in 2015."  But even assuming that a delay in the discovery of the defendants' malfeasance can affect when the FDCPA statute of limitations begins to run, Rivas, in his response to the defendants' motion to dismiss, represented to the court that he discovered their fraudulent conduct in May 2014.  Based on that representation, the statute of limitations for Rivas's FDCPA claim ran at some point in May 2015.  Because Rivas did not file the instant lawsuit until September 21, 2015, the district court properly dismissed his FDCPA claim as time-barred.

## B.    Subject Matter Jurisdiction over State Law Claims

Rivas next argues that the district court erred in dismissing his state law claims without affording him an opportunity to properly allege diversity jurisdiction.  We agree.

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."  *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (internal quotation marks omitted).  Complete diversity requires diversity of citizenship, rather than diversity

of residency.  *See* 28 U.S.C. § 1332(a)(1) (granting federal courts jurisdiction over certain cases involving "citizens of different States"); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  "For the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock*, 710 F.3d at 1224 (internal quotation marks omitted).   "A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." *Id.*  "[A] limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004).

The district court properly found that Rivas's complaint inadequately pled diversity jurisdiction.  Rivas adequately alleged the citizenship of just one party, BONYM, which the complaint alleged had its "principal place of business" in New York.  For every other party, the complaint alleged only residency, location of a "corporate office" or "corporate branches," or, for one party, no such information whatsoever.  Because Rivas failed to plead that his citizenship was diverse from

8

each defendant's citizenship, the district court properly dismissed Rivas's state law claims for a lack of subject matter jurisdiction.[3]

Nonetheless, the district court erred in declining to permit Rivas to amend his complaint to properly allege subject matter jurisdiction over his state law claims.  A district court "should freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).  The district court may nonetheless deny a motion for leave to amend as futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

The district court found that amendment would be futile, as the complaint alleged that both Rivas and several defendants were residents of Florida.  In doing

---

[3] On appeal, Rivas argues that because two defendants—BONYM and American Mortgage Network, the originator of the mortgage—are not citizens of Florida, the complaint established diversity.  This argument is meritless.  Complete diversity requires that every party be diverse, not just those parties the plaintiff deems to be particularly important.  Moreover, the complaint did not allege that Rivas himself was a citizen of Florida and provided no information—not even a residency allegation—concerning American Mortgage Network.  Moreover, on reply, Rivas argues that certain defendants' actions in the Foreclosure Action constituted a waiver of their right to challenge the district court's subject matter jurisdiction. This argument also fails.  Parties cannot confer subject matter jurisdiction on the district court by waiver or consent.  *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties.").

so, the district court improperly assumed that Rivas's amended complaint would look identical to the original complaint, substituting the word "citizen" for "resident" where appropriate. But, because Rivas did not submit a proposed amended complaint, the district court's assumption was baseless.[4] It is distinctly possible that an amended complaint would allege that the parties are citizens of states other than the states of residence listed in the original complaint. It is also possible that an amended complaint would drop certain parties in an effort to maintain diversity jurisdiction. It is impossible, therefore, to say that Rivas's amended complaint "would still be properly dismissed," *id.*, such that amendment would be futile.[5] Consequently, the district court erred in denying Rivas the opportunity to amend his complaint to properly establish diversity jurisdiction over his state law claims.[6]

---

[4] The defendants argue that Rivas's failure to describe the substance of his proposed amended complaint required rejection of his request for leave to amend. We disagree. The only authority defendants cite in support of this proposition holds that it is not an abuse of discretion for a district court to deny leave to amend where a party filed no proper motion and did not describe the substance of the proposed amendment. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009). Notably, in *Rosenberg*, the plaintiff was represented by counsel. A district court is not required to reject a *pro se* request for leave to amend simply because the request fails to set forth the substance of the proposed amendment.

[5] By contrast, the district court properly determined that amendment in an effort to salvage Rivas's federal claims would be futile. Of his federal claims, Rivas appeals only the district court's ruling on his FDCPA claim and, as noted above, that claim is time-barred. Consequently, on remand, the district court need not permit Rivas to replead his FDCPA, federal mail and wire fraud, and Fourteenth Amendment claims.

[6] The defendants also argue that Rivas has not properly preserved this issue for appeal because he did not file a motion for leave to amend his complaint in the district court; instead, Rivas only asserted that he had a right to amend his complaint in his response to the defendants' motion to dismiss, which the district court construed as a request for leave to file an amended

10

## C.    Discovery Stay

Finally, Rivas argues that the district court abused its discretion in imposing a discovery stay pending the filing and dispensation of the defendants' motion to dismiss.  We disagree.  "[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).  We "emphasize[] the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Id*. (internal quotation marks omitted).  Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility.  Motions to dismiss for failure to state a claim "always present[] a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.  Therefore, neither the parties nor the court ha[s] any need for discovery before the court rules on the motion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (citation omitted).  Indeed, motions to dismiss should, ideally, "be resolved before discovery begins."

---

complaint.  "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  Because Rivas's opposition to the defendants' motion to dismiss was *pro se*, the district court was well within its discretion to treat his assertion as a motion for leave to file an amended complaint.

11

*Id*.  The district court therefore did not abuse its discretion in imposing a discovery stay.

## IV.    CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.[7]

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[7] We reject Rivas's argument that the district court violated his due process rights by granting the defendants' motion to dismiss and that the district court was biased against him. Moreover, we decline to consider the defendants' arguments that Rivas's claims are barred by Florida's litigation privilege and res judicata, and that such claims should be dismissed because they were compulsory to the Foreclosure Action.  The district court did not reach these issues, and we will not evaluate them in the first instance.  *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 n.4 (11th Cir. 2001).