[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13963
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-81307-KAM


ARMANDO ADAMES RIVAS,

                                                        Plaintiff - Appellant,

versus

THE BANK OF NEW YORK MELLON,
a.k.a. BONYM,
BAYVIEW LOAN SERVICING, LLC,
BANK OF AMERICA, N.A.,
LAW OFFICES OF AKERMAN LLP,
ADAM G. SCHWARTZ, et al.,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2019)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Armando Rivas, proceeding *pro se*, appeals the district court's dismissal of his amended complaint alleging that the defendants—entities in the banking and loan industries, a law firm, and two attorneys—violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and a variety of state laws when they initiated foreclosure proceedings on his home. In its order dismissing the complaint, the district court concluded that Rivas's RICO claim was barred by res judicata and that the court lacked subject matter jurisdiction over Rivas's state law claims because complete diversity of citizenship did not exist. In addition, the court denied Rivas permission to amend his complaint because any amendment would be futile. Rivas challenges these rulings on appeal. After careful consideration, we affirm the district court's judgment.

## I.    BACKGROUND

This case began in 2012 when Bank of New York Mellon ("BONYM") filed a foreclosure action against Rivas in the Circuit Court of Palm Beach County. In the foreclosure action, BONYM alleged that Rivas had defaulted on his mortgage by failing to make required payments, declared the full amount of the mortgage payable, and requested a court-ordered sale of Rivas's property. In that action, BONYM was represented by, among others, Akerman, LLP attorneys Adam

2

Schwartz and William Heller.  In August 2017, the state court entered a final judgment of foreclosure against Rivas.  Rivas appealed the decision to Florida's Fourth District Court of Appeal, which affirmed the final judgment of foreclosure.

In 2014, Rivas filed a *pro se* action ("*Rivas I*") in federal court against several defendants, including BONYM; Bayview Loan Servicing, LLC; Bank of America, N.A; American Mortgage Network ("AmNet"); and Mortgage Electronic Registration Systems, Inc. ("MERS").  In his amended complaint, Rivas alleged that in the foreclosure action the defendants improperly relied upon a fraudulent document that purported to assign his mortgage from AmNet to BONYM.  Rivas sought damages and equitable relief in the form of clear title to his property.

The defendants moved to dismiss the amended complaint.  While the motion to dismiss was pending, Rivas sought leave to file a second amended complaint.  In the proposed second amended complaint, Rivas added a federal RICO claim.  The district court granted the motion to dismiss, concluding that Rivas had failed to state a claim for relief in his amended complaint, and denied Rivas's motion for leave to file a second amended complaint because the proposed second amended complaint suffered from the same fatal flaws as the amended complaint.

A few months after *Rivas I* was dismissed, Rivas, still proceeding *pro se*, filed this action in federal court ("*Rivas II*").  In *Rivas II*, Rivas brought claims against the same defendants plus Akerman, LLP; Schwartz; Heller; Brendan

3

Herbert, another Akerman attorney; Morris, Schneider & Wittstadt, LLC, a law firm; and Silver Deutch, a Morris, Schneider & Wittstadt attorney. Rivas again alleged that in the foreclosure action the defendants improperly relied upon a fraudulent assignment that purported to show a transfer of his mortgage from AmNet to BONYM. The district court construed the complaint as potentially raising claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p; the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343; the Fourteenth Amendment; and a variety of state laws.

The defendants moved to dismiss Rivas's complaint, and the district court granted their motion. The district court determined with respect to each federal cause of action that Rivas had failed to state a claim for relief or the claim was time barred. After dismissing the federal claims with prejudice, the district court considered whether it had subject matter jurisdiction over Rivas's remaining state law claims. The court determined that it lacked subject matter jurisdiction because Rivas had failed to plead the citizenship of each party. The district court also declined to assert supplemental jurisdiction over Rivas's state law claims. In addition, the court denied Rivas's motion to amend because any amendment would be futile.

Rivas appealed, arguing that the district court erred in dismissing his FDCPA and state law claims. In an unpublished opinion, we affirmed the district

4

court's dismissal of Rivas's FDCPA claim. *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 929-30 (11th Cir. 2017) (unpublished). With regard to Rivas's state law claims, we concluded that Rivas had inadequately pled diversity jurisdiction. *Id.* at 930-31. But we determined that the district court abused its discretion when it denied Rivas the opportunity to file an amended complaint properly alleging diversity jurisdiction. *Id.* at 931-32. Because it was "distinctly possible that an amended complaint would allege that the parties are citizens of states other than the states of residence listed in the . . . complaint" or that Rivas "would drop certain parties in an effort to maintain diversity jurisdiction," we could not say that an amendment necessarily would be futile. *Id.* at 931. We thus remanded the case to the district court to allow Rivas an opportunity to amend. *Id.* at 932.

Upon remand, Rivas filed an amended complaint. In the amended complaint, Rivas asserted claims against BONYM, Bayview, Bank of America, Akerman, Schwartz, Heller, MERS, and AmNet. Rivas added allegations addressing the citizenship of these parties. The complaint alleged that Rivas, as well as defendants Bayview, Bank of America, Akerman, Schwartz, and Heller, were citizens of Florida. It identified BONYM as a New York citizen, AmNet as a California citizen, and MERS as a Delaware citizen.

In the amended complaint, Rivas asserted a new claim under the federal RICO statute. In the RICO claim, Rivas alleged that BONYM engaged in

5

misconduct in the foreclosure action when it relied on a fraudulent document to show that it had been assigned the mortgage. Rivas further asserted that AmNet could not have legally authorized MERS to assign the mortgage to BONYM because AmNet was no longer in operation at the time that it supposedly directed MERS to assign the mortgage. Rivas also alleged that Schwartz and Heller had conspired with a state court judge and otherwise were involved in the fraudulent actions against him.

The defendants filed a motion to dismiss the amended complaint. While the motion to dismiss was pending, Rivas filed a second amended complaint with new allegations about the citizenship of some of the parties. But the proposed second amended complaint, like the first amended complaint, alleged that Rivas, Bayview, Schwartz, and Heller were Florida citizens.

The district court granted the motion to dismiss the amended complaint, dismissing the RICO claim with prejudice as barred by res judicata and the state law claims without prejudice for lack of subject matter jurisdiction. To establish that res judicata barred the RICO claim, the district court explained, the defendants were required to show that (1) the prior decision in *Rivas I* was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits in *Rivas I*, (3) both cases involved the same parties or their privies, and (4) both cases involved the same causes of action. The court determined that all four elements

6

were satisfied. With regard to the third element, even though Akerman, Schwartz, and Heller were not parties to *Rivas I*, the court determined that each was in privity with BONYM, their client in the foreclosure action.

The court then addressed Rivas's state law claims, concluding that it lacked diversity jurisdiction. The court explained there was a lack of complete diversity because the amended complaint alleged that Rivas was a Florida citizen and that several defendants also were Florida citizens. The court also declined to exercise supplemental jurisdiction over the state law claims.

The district court then addressed Rivas's second amended complaint. First, the court struck the second amended complaint because Rivas had filed it without the defendants' consent or permission from the court. *See* Fed. R. Civ. P. 15(a)(2). Second, the court construed Rivas's act of filing the second amended complaint as a motion for leave to file the second amended complaint. The court denied this motion, finding that the amendment would be futile.

This is Rivas's appeal.

## II.    STANDARDS OF REVIEW

We review *de novo* the district court's application of res judicata. *See Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). We also review *de novo* a dismissal for lack of subject matter jurisdiction. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). We review for an abuse of discretion

7

a district court's decision not to exercise supplemental jurisdiction. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738 (11th Cir. 2006). In addition, we review for abuse of discretion a district court's refusal to grant leave to file an amended complaint, although we review *de novo* the "legal conclusion of whether a particular amendment to the complaint would be futile." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999).

We construe *pro se* pleadings liberally. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But our liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (internal quotation marks omitted).

## III.    DISCUSSION

### A.    The District Court Did Not Err in Concluding that Res Judicata Barred Rivas's RICO Claim.

We begin by considering whether the district court erred in determining that the RICO claim was barred by res judicata. "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). The purpose of res judicata is to "'protect[] a party's adversaries from the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[]

8

reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (alteration adopted) (quoting *Montana v. United States*, 440 U.S. 147 (1979). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Id.*

Under our precedent, a claim will be barred by prior litigation when: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.* If all four elements are met, "the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every claim which might have been presented." *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1552 (11th Cir. 1990) (alterations adopted) (internal quotation marks omitted).

In his brief on appeal, Rivas stated that the district court "erred" in making the "assumption" that his RICO claim was barred by res judicata. Appellant's Br. at 14. But beyond this single statement, he never discussed why the district court erred in applying res judicata. This section of his brief, instead, focused on why his RICO claim was not time barred under the delayed discovery doctrine and why

9

he had stated a claim for relief. Because Rivas failed to present any argument or authority showing why the district court erred in concluding that res judicata barred the RICO claim, he has abandoned any challenge to this determination. Although we liberally construe *pro se* pleadings, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons a challenge to that issue on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Even assuming that Rivas preserved a challenge to the district court's res judicata determination, however, we still could not say that the district court erred in concluding that res judicata barred the RICO claim. The district court properly applied res judicata because all the elements necessary for res judicata were satisfied. We readily conclude that the first two elements were met. There is no question that *Rivas I* was decided by a court of competent jurisdiction, the United States District Court for the Southern District of Florida. And there was a final judgment on the merits in *Rivas I* because the district court dismissed the action with prejudice under Federal Rule of Civil Procedure 12(b)(6). *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under [Rule] 12(b)(6) is a 'judgment on the merits.'").

Turning to the third element, the parties, or those in privity with them, were identical in both actions. BONYM, Bayview, Bank of America, MERS, and AmNet were named as defendants in both *Rivas I* and the amended complaint in

10

this action.  Although Akerman, Schwartz, and Heller were not defendants in *Rivas I*, they were in privity with BONYM.   The term "privity" refers to a relationship in which a "person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004).  Schwartz and Heller were Akerman attorneys who represented BONYM in the foreclosure action.  Given this relationship and the fact that Rivas's RICO claim arose out of actions that Akerman, Schwartz, and Heller took in the course of representing BONYM, we conclude that their interests were adequately represented by BONYM and thus they were in privity with a party to *Rivas I*.

Regarding the fourth element, we conclude that the claims in *Rivas I* and the RICO claim were part of the same cause of action.   Claims are part of the same cause of action "when they arise out of the same transaction or series of transactions." *See Piper Aircraft*, 244 F.3d at 1297.  In determining whether two claims are the same, we compare "the substance of the actions, not their form." *Id.* (internal quotation marks omitted).  In general, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same claim or cause of action for purposes of res judicata." *Ragsdale*, 193 F.3d at 1239 (internal quotation marks omitted).

11

Rivas's RICO claim arose out of the same nucleus of operative fact as his claims in *Rivas I*. In both instances, Rivas alleged that the defendants had improperly relied on a fraudulent document that purported to assign the mortgage from AmNet to BONYM. Because the four elements of the res judicata inquiry were satisfied, the district court correctly determined that the prior litigation in *Rivas I* barred Rivas's RICO claim.[1]

## B.    The District Court Properly Dismissed the State Law Claims for Lack of Subject Matter Jurisdiction.

Rivas also argues that the district court erred in dismissing his state law claims for lack of subject matter jurisdiction. We reject this argument because the district court properly concluded that there was no diversity jurisdiction here.

Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under the allegations in the amended complaint, there was a lack of complete diversity because the

---

[1] The defendants argue that we should also affirm on the alternate ground that under the mandate from our prior decision in this case, upon remand Rivas was permitted to amend his complaint only to add allegations about diversity of citizenship, not to add a new RICO claim. Because we conclude that the RICO claim was barred by res judicata, however, we need not address this argument.

plaintiff (Rivas) and several defendants (Bayview, Bank of America, Akerman, Schwartz, and Heller) were all citizens of Florida.  Because these allegations failed to establish complete diversity, the district court properly dismissed the state law claims.[2]

After concluding that it lacked subject matter jurisdiction, the district court also declined to exercise supplemental jurisdiction over Rivas's state law claims. We cannot say that the district court abused its discretion.

The doctrine of supplemental jurisdiction "permits federal courts to decide certain state-law claims involved in cases raising federal questions when doing so would promote judicial economy and procedural convenience."  *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (internal quotation marks omitted).  Federal courts possess the power to exercise supplemental jurisdiction over claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  But a district court may decline to exercise supplemental jurisdiction over a state law claim when "the district court has dismissed all claims over which it has original

---

[2] In his appellate brief, Rivas argues that the district court erred in dismissing his state law claims because they were timely filed based on when he uncovered the defendants' fraud. Because we conclude that the district court lacked subject matter jurisdiction over the state law claims, we do not reach the question of whether the claims were timely filed.

jurisdiction." *Id.* § 1367(c)(3).  Although the district court had original jurisdiction over Rivas's federal claims, all those claims were dismissed.  The district court therefore had discretion to decline to exercise supplemental jurisdiction over Rivas's state law claims.  *See id.*  The district court did not abuse that discretion.

**C.      The District Court Did Not Abuse Its Discretion in Denying Rivas the Opportunity to File a Second Amended Complaint.**

Rivas argues that the district court erred in failing to give him one last opportunity to amend his complaint before entering final judgment.  But we see no abuse of discretion here.

Under the Federal Rules of Civil Procedure, a district court "should freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But a district court may deny a motion for leave to amend as futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, the district court did not abuse its discretion when it denied Rivas leave to file a second amended complaint.  Rivas's proposed second amended complaint would have been his third attempt to allege that there was complete diversity.  The district court properly determined that it would have been futile to give Rivas a third bite at the apple.  If Rivas had been allowed to file his second amended complaint, the pleading would have been properly dismissed for lack of

14

subject matter jurisdiction because the allegations showed complete diversity did not exist.

## IV.    CONCLUSION

For the reasons set forth above, we affirm the district court's judgment.[3]

**AFFIRMED.**

---

[3] Rivas also argues that the district court violated his due process rights by granting the defendants' motion to dismiss and that the district court was biased against him. Rivas raised these arguments in his previous appeal, and we rejected them as lacking merit. *See Rivas*, 676 F. App'x at 932 n.7. We reject the arguments again.